NOT FOR PUBLICATION                                                                                          (Doc. No. 1)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | |
|---|---|
| CHARLES P. MCCOY, | |
| Plaintiff, | Civil No. 16-4589 (RBK) |
| v. | **OPINION** |
| ROBERT WHARTON, | |
| Defendant. | |

**KUGLER**, United States District Judge:

Charles P. McCoy ("Plaintiff") is proceeding *pro se* with a complaint arising from his July 2014 arrest and subsequent conviction. Plaintiff's application to proceed *in forma pauperis* will be granted based on the information provided therein and the Clerk of Court shall file the Complaint. The Court must now review the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. For the reasons set forth below, the Complaint will be **DISMISSED WITH PREJUDICE**.

## I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff brings claims arising from his arrest in June 2014 and his subsequent conviction. The Complaint is unclear as to what exactly happened leading up to the arrest, but Plaintiff claims that Trooper Robert Wharton ("Defendant") had no probable cause to arrest him. Plaintiff

1

also alleges that Defendant "tampered with or fabricated" the consent to search form by threatening the arrest of Plaintiff's wife if Plaintiff did not sign the form. Plaintiff also alleges that he signed the consent to search form hours after the search had already occurred without his consent. Therefore, Plaintiff claims that Defendant's actions deprived him of his fundamental liberties.

However, Trooper Wharton's police investigation report[1] states that he noticed Plaintiff driving a car with tinted front windows. Defendant pulled Plaintiff over for the tinted window violation.[2] While Defendant was interacting with Plaintiff, Defendant detected a strong odor of marijuana from the interior of the car. Defendant also noticed glass jars containing air fresheners on the passenger and rear floor boards. Defendant noted in his report that he knew this to be a common practice for masking the odor of controlled substances. At this point, Defendant asked Plaintiff to exit the vehicle and placed Plaintiff under arrest. Defendant's report notes that Plaintiff gave Defendant consent to search the vehicle. Defendant found approximately one pound of raw marijuana, three ounces of suspected cocaine, three ounces of suspected PCP, thirty-one grams of suspected hashish, a loaded Keltec .380 semi-automatic handgun, and a digital scale in the trunk of the vehicle during his search.

Plaintiff filed the instant Complaint on July 26, 2016. (Doc. No. 1).

## II. LEGAL STANDARD

District courts must review complaints in civil actions in which a litigant is proceeding *in forma pauperis* and must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to

---

1. Plaintiff submitted a heavily (and crudely) redacted version of the police report. *See* Compl. Ex. 1 (Doc. No. 1-1). The obscured sections are generally readable, despite Plaintiff's apparent attempt at redaction.
2. The Court notes that driving a car with tinted front windows violates N.J. Rev. Stat. § 39:3-75.

2

state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss an action for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cty. Of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). A complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). It is not for courts to decide at this point whether the non-moving party will succeed on the merits, but "whether they should be afforded an opportunity to offer evidence in support of their claims." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 215 (3d Cir. 2002). While "detailed factual allegations" are not necessary, a "plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

### III. DISCUSSION

#### A. Section 1983 Claim

Plaintiff asserts jurisdiction for this case under 42 U.S.C. § 1983. A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to

> be subjected, any citizen of the United States or person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under section 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988). The Fourth Amendment to the United States Constitution, made applicable to the states through the Due Process Clause of the Fourteenth Amendment, provides that "[t]he right of the people to be secure in their persons . . . against unreasonable searches and seizures, shall not be violated." U.S. CONST. amend. IV. Here, the complaint asserts that Defendant violated Plaintiff's Fourth Amendment rights because Defendant did not have probable cause to search Defendant's car or arrest Defendant. The complaint also sufficiently alleges that Defendant was acting under the color of law as a police officer.

Despite this, Plaintiff's section 1983 claim is improper because the claim would invalidate the underlying conviction. "[A] prisoner does not have a cognizable § 1983 claim . . . for alleged unconstitutional conduct that would invalidate his or her underlying sentence or conviction unless that conviction has already been called into question." *Grier v. Klem*, 591 F.3d 672, 677 (3d Cir. 2010) (citing *Heck v. Humphrey*, 512 U.S. 477, 486 (1994)). A conviction has been called into question if "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such

4

determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck*, 512 U.S. at 486-87. Plaintiff's argument that Defendant did not have the probable cause necessary to institute an arrest and the subsequent search of the vehicle would, if true, invalidate Plaintiff's conviction. Accordingly, a section 1983 claim would be improper unless the conviction has already been called into question. While Plaintiff does mention that his case is currently on appeal, a pending appeal does not meet the standard set by *Heck* for a conviction that has already been called into question. Therefore, this section 1983 claim is improperly brought and should be dismissed.

Even if Plaintiff's section 1983 claim was properly brought, Plaintiff has failed to state a claim upon which relief can be granted because Defendant had probable cause for stopping, arresting, and searching Plaintiff. It is true that the "[t]emporary detention of individuals during the stop of an automobile by the police" is considered a seizure under the Fourth Amendment, and an unreasonable seizure would violate the Fourth Amendment. *Whren v. United States*, 517 U.S. 806, 810 (1996). However, "[a]s a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." *Id.* In this case, Defendant noticed the illegally tinted front windows of the Plaintiff's vehicle. Therefore, Defendant had sufficient probable cause to pull Plaintiff over and did not violate the Fourth Amendment by instituting a traffic stop.

Plaintiff also claims that Defendant tampered with the consent to search form and violated Plaintiff's Fourth Amendment rights. However, the "Fourth Amendment only protects individuals from unreasonable searches and seizures" and "if the search is reasonable, there is no constitutional problem." *United States v. Sczubelek*, 402 F.3d 175, 182 (3d Cir. 2005). Defendant reported that he detected the odor of marijuana in Plaintiff's car. Therefore, Defendant had

probable cause to search the vehicle as "the smell of marijuana alone . . . may establish . . . probable cause." *United States v. Ramos*, 443 F.3d 304, 308 (3d Cir. 2006). Once Defendant established probable cause by detecting the odor of marijuana, the car could be searched for additional contraband goods without a warrant. *See Wyoming v. Houghton*, 526 U.S. 295, 301 (1999) ("[C]ontraband goods concealed and illegally transported in an automobile or other vehicle may be searched for without a warrant where probable cause exists.") (quoting *Carroll v. United States*, 267 U.S. 132, 153 (1925)). Furthermore, because Defendant had probable cause to search the vehicle, there was probable cause justifying "the search of every part of the vehicle and its contents that may conceal the object of the search," including the trunk. *United States v. Ross*, 456 U.S. 798, 825 (1982). Therefore, once Defendant detected the odor of marijuana, he had probable cause to search the vehicle in its entirety, even without Plaintiff's consent. As a result, Plaintiff's claim regarding Defendant's alleged tampering of the consent to search form is immaterial to the claim and fails to state a claim upon which relief may be granted.

### B. State Law Claims

The Complaint also appears to allege state law claims for intentional infliction of emotional distress, false imprisonment, and malicious prosecution.[3] The Third Circuit has held that "where the claim over which the district court has original jurisdiction is dismissed before trial, the district court *must* decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (quoting *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995)). While the Court has dismissed Plaintiff's federal

---

3. Plaintiff also seeks damages for "loss of wages." However, loss of wages, in and of itself, is not a cause of action in New Jersey. Thus, Plaintiff states a claim upon which relief cannot be granted and this claim is dismissed pursuant to Federal Rules of Civil Procedure 12(b)(6).

claim, there are affirmative justifications for this Court to retain pendent jurisdiction over the state law claims, namely judicial economy and convenience. The Court's finding of probable cause makes these state law claims untenable regardless of whether the claims are brought in federal or state court. As such, these state law claims shall be dismissed with prejudice.

Under New Jersey law, a claim for intentional infliction of emotional distress is established when the plaintiff establishes "intentional and outrageous conduct by the defendant, proximate cause, and distress that is severe." *Buckley v. Trenton Saving Fund Soc'y*, 544 A.2d 857, 863 (N.J. 1988). Plaintiff cannot establish intentional and outrageous conduct by the Defendant because Defendant had probable cause for Plaintiff's arrest. *See Ortiz v. Ocean Cty. Prosecutor's Office*, No. 03-3723, 2006 WL 2938825, at *6 (D.N.J. 2006) (granting summary judgment on plaintiff's intentional infliction of emotional distress claim because defendant had probable cause). Defendant's probable cause to stop, arrest, and search Plaintiff and his vehicle "cannot reasonably be characterized as the type of extreme and outrageous behavior that is required to support a claim of intentional infliction of emotional distress." *Id.* Therefore, Plaintiff's claim of intentional infliction of emotional distress shall be dismissed for failure to state a claim upon which relief can be granted.

The state law claims of false imprisonment/false arrest and malicious prosecution should also be dismissed in light of the Court's determination that probable cause existed to stop, arrest, and search Plaintiff and the vehicle. To succeed on a false arrest claim, a plaintiff must show: "(1) that there was an arrest; and (2) that the arrest was made without probable cause." *James v. City of Wilkes–Barre*, 700 F.3d 675, 680 (3d Cir. 2012). While Plaintiff has alleged that he was arrested without probable cause, Defendant's appended arrest report makes it clear that probable

cause existed for Plaintiff's arrest. Accordingly, Plaintiff has failed to state a claim for false imprisonment.

Plaintiff has also failed to state a claim for malicious prosecution. "To prove malicious prosecution under [§ ] 1983 when the claim is under the Fourth Amendment, a plaintiff must show that: (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in his favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *Johnson v. Knorr*, 477 F.3d 75, 81-82 (3d Cir. 2007) (citing *Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003)). Defendant had probable cause to arrest Plaintiff *and* the criminal proceeding did not end in Plaintiff's favor (he was convicted). Plaintiff therefore cannot sufficiently allege two necessary elements of a malicious prosecution claim. Accordingly, Plaintiff's false imprisonment/false arrest and malicious prosecution claims are dismissed for failure to state a claim upon which relief can be granted.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's section 1983 claim against Defendant is **DISMISSED WITH PREJUDICE**. Plaintiff's state law claims are also **DISMISSED WITH PREJUDICE.**


Dated: 03/28/2017                                                                                       s/ Robert B. Kugler
                                                                                                                    ROBERT B. KUGLER
                                                                                                                    United States District Judge